AO 245C (Rev. 09/20)  Amended Judgment in a Criminal Case                                 (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| STEVEN SCHERER | ) | Case Number: 3:22-CR-00053-MMD-CLB |
| | ) | USM Number: 16697-510 |
| | ) | Leah Wigren |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2 of the Indictment (ECF No. 1) filed on July 28, 2022

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) | Felon in Possession of Firearms | June 14, 2022 | 1 |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) | Possession with Intent to Distribute a Controlled Substance | June 14, 2022 | 2 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/22/2024
Date of Imposition of Judgment

*/s/ Signature*
Signature of Judge

Miranda M. Du, Chief United States District Judge
Name and Title of Judge

May 9, 2024
Date

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
    Sheet 2 — Imprisonment

(NOTE:  Identify Changes with Asterisks (*))

Judgment — Page  2  of  7

DEFENDANT:  STEVEN SCHERER
CASE NUMBER:  3:22-CR-00053-MMD-CLB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED TWENTY(120) MONTHS as to Count 1 and
ONE HUNDRED FIFTY-SIX (156) MONTHS as to Count 2.  Counts 1 and 2 are to run concurrent with each other, and are to run concurrent with Case No. 3:22-cr-33-MMD-CLB

[X]  The court makes the following recommendations to the Bureau of Prisons:  FCI Sandstone
Defendant should be permitted to participate in RDAP.

[X]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:

    [ ]  at _____  [ ] a.m.  [ ] p.m.  on _____ .

    [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ]  before 2 p.m. on _____ .

    [ ]  as notified by the United States Marshal.

    [ ]  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case  (NOTE:  Identify Changes with Asterisks (*))
Sheet 3 — Supervised Release

Judgment—Page  3  of  7

DEFENDANT:   STEVEN SCHERER
CASE NUMBER:   3:22-CR-00053-MMD-CLB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

> THREE YEARS as to Count 1 and FIVE YEARS as to Count 2.  All counts to run concurrent with each other and with Case No. 3:22-cr-33-MMD-CLB

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case  
        Sheet 3A — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 7

DEFENDANT:  STEVEN SCHERER  
CASE NUMBER:  3:22-CR-00053-MMD-CLB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Judgment—Page 5 of 7

DEFENDANT: STEVEN SCHERER
CASE NUMBER: 3:22-CR-00053-MMD-CLB

## SPECIAL CONDITIONS OF SUPERVISION

**1.     Search and Seizure**  - You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**2.     Substance Abuse Treatment**  - You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**3.     Drug Testing**  - You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year.  You must not attempt to obstruct or tamper with the testing methods.

**4.     No Alcohol**  - You must not use or possess alcohol.

**5.     Mental Health Treatment**  - You must participate in an [Outpatient] mental health treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

**6.     Gambling Treatment**  - You must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based on your ability to pay.

**7.     No Contact**  - You must not communicate, or otherwise interact, with *co-defendants, Melanie Kirkpatrick and Hannah Riggs, either directly or through someone else, without first obtaining the permission of the probation office.

DEFENDANT: STEVEN SCHERER
CASE NUMBER: 3:22-CR-00053-MMD-CLB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ None | $ None | $ None | $ None |

Due and payable immediately

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No. 3:22-cr-53-MMD-CLB<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | $200.00 | | |
| TOTALS | $ 200.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 3:22-cr-00053-MMD-CLB   Document 53   Filed 05/09/24   Page 7 of 10
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 7

DEFENDANT: STEVEN SCHERER
CASE NUMBER: 3:22-CR-00053-MMD-CLB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 200 due immediately, balance due

☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached ECF No. 38 - Final Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:22-CR-053-MMD-CLB |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| STEVEN SCHERER, aka "Detroit," | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Steven Scherer, aka "Detroit," to the criminal offenses, forfeiting the property set forth in the Memorandum in Support of Plea and the Forfeiture Allegations of the Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which Steven Scherer, aka "Detroit," pled guilty. Criminal Indictment, ECF No. 1; Memorandum in Support of Plea, ECF No. 29; Change of Plea, ECF No. 32; Preliminary Order of Forfeiture, ECF No. 34.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from January 25, 2024, through February 23, 2024, notifying all potential

third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 35-1, p. 5.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. a Harrington & Richardson Tamer .410 gauge shotgun bearing serial number HG413667;
2. a Smith & Wesson .38 caliber revolver bearing serial number 938490;
3. a modified Mossberg model 500A .410 gauge shotgun bearing serial number P437004;
4. a Smith & Wesson .22 caliber revolver bearing serial number K60029; and
5. any and all compatible ammunition

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for Steven Scherer, aka "Detroit," and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that property shall be disposed of according to law.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED __April 2_____, 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE